IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-cv-

RANDY HOBLEY,

    Plaintiff,

vs.

NESTLE PURINA PETCARE COMPANY,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Randy Hobley, by his attorney Robert M. Liechty, of counsel to HAMILTON FAATZ, PC, brings his complaint as follows:

1. Plaintiff Randy Hobley resides in Aurora, Colorado. He used to be employed by defendant Nestlé Purina PetCare Company at its plant located at 4555 York St., Denver, CO.

2. Mr. Hobley filed a charge with the EEOC for disability discrimination and retaliation and received a right to sue letter from the EEOC on November 28, 2016. Therefore, he has exhausted his administrative remedies and jurisdiction and venue are proper in this Court.

3. Mr. Hobley began working for Purina in 2007. He was eventually promoted to a utility operator position. He always received satisfactory or better job evaluations and was never disciplined. He received one reprimand in 2014 regarding the transference of slurry.

1

4.      On April 29, 2014, he was injured at work when a large slab of frozen meat hit him on his back and shoulder. He took six days to recover from that injury and returned to work on May 5. He returned to his position as a utility operator, doing the less rigorous aspects of that job. He continued to receive treatment and therapy under a workers compensation policy for his shoulder/back injury.

5.      Approximately one year later, in June, 2015, his workers compensation claim was resolved and he received approximately $37,000 as final payment for workers compensation impairments. He continued working in his utility operator position without restrictions.

6.      He would occasionally suffer flareups of his injury and, because he was no longer under workers compensation protection, he sought protection under the Family and Medical Leave Act in the event he would need intermittent days off due to flareups of the injury.

7.      Purina has an attendance plan based solely upon days missed from work, whether they be vacation days, personal leave days, or sick leave days. Therefore, Mr. Hobley needed the ability to take time off work without being penalized in the event of a flareup of his injury.

8.      On September 9, 2015, Mr. Hobley's doctor, Dr. Quinn Lichfield, completed an FMLA form requesting intermittent leave along the lines described above. Mr. Hobley provided that form to Purina on September 12.

9.      On October 6, 2015, Purina placed Mr. Hobley on a medical leave of absence, allegedly because of medical restrictions on the FMLA form. He was then scheduled for a second FMLA exam for October 19, 2015, before a doctor of Purina's

choosing, Dr. Alfred Lockman.  Dr. Lockman also approved the intermittent FMLA leave and told Mr. Hobley that he had no new restrictions.

10. On November 5, 2015, Mr. Hobley had still not been returned to work.  He sent an e-mail on that date to Purina requesting a return to work with the proviso that he would be allowed FMLA leave if he had an intermittent flareup.

11. On November 11, 2015, human resources director Garry De Wit stated that Mr. Hobley's "request for this intermittent leave under the FMLA is now approved according to these intermittent leave certifications."  Nonetheless, Mr. Hobley was still not allowed to return to work.

12. Towards the end of November, 2015, Mr. Hobley had a conference call with Purina employees Louis Thomas, Tom Plymel, and Evvie Morevec in which they discussed his return to work.  They said he could not return to work unless he was able to lift 78 pounds.

13. Mr. Hobley had never lifted 78 pounds in his eight years of working as a utility operator.  Since May, 2014, he only rarely lifted over 20 pounds.  Nonetheless, Purina presumed that he had lifted items weighing 78 pounds.  This misapprehension would have been corrected had Purina probably gone through the ADA interactive process with Mr. Hobley.

14. Even though Mr. Hobley had not worked for Purina since October, 2015, Purina gave him another FMLA form on March 30, 2016, for him to complete.  His doctor, Dr. Lichfield, stated that Mr. Hobley could return to work without restrictions although reasonable accommodations should be given, such as FMLA intermittent leave for when he suffered flareups of his injury.

3

15. Purina still do not allow Mr. Hobley to return to work. Purina terminated Mr. Hobley on May 5, 2016.

### *FMLA Entitlement Claim*

16. Defendant Purina has over 50 employees within 75 miles of the plant where Mr. Hobley worked and is a qualified employer under the FMLA. Mr. Hobley worked for Purina more than 12 months and for more than 1,250 hours in those 12 months. He is a qualified employee under the FMLA.

17. Defendant Purina interfered with or denied the exercise of Mr. Hobley's rights under the FMLA, violating 29 USC §2615(a), when it terminated his employment rather than allowing him to exercise his rights under the FMLA.

18. As a result of the FMLA violations, Mr. Hobley has been injured and is entitled to his lost wages, lost benefits, out-of-pocket expenses, interest, liquidated damages, and reinstatement under 29 USC §2617(a) and (b).

19. Mr. Hobley is entitled to his attorney's fees and costs under 29 USC §2617(a)(3).

### *FMLA Retaliation Claim*

20. Purina also violated 29 USC §2615(b) by retaliating against Mr. Hobley because he exercised his FMLA right to seek medical leave.

21. As a result of the FMLA violations, Mr. Hobley has been injured and is entitled to his lost wages, lost benefits, out-of-pocket expenses, interest, liquidated damages, and reinstatement under 29 USC §2617(a) and (b).

22. Mr. Hobley is entitled to his attorney's fees and costs under 29 USC §2617(a)(3).

### *ADA Failure-to-Accommodate Claim*

23. Mr. Hobley's back/shoulder injury interfered with his major life activity of lifting as defined in 42 USC §12111(2)(A). In the alternative, Purina regarded him as having such an impairment under 42 USC §12111(3)(A).

24. Purina failed to accommodate this actual or perceived disability by failing to allow him to continue at his job. This violated 42 USC §12112(a). As a result, Mr. Hobley is entitled to the damages set forth in §12117(a) for lost wages and for compensatory damages for emotional pain and suffering, humiliation, and embarrassment. He is also entitled to his attorney's fees.

### *ADA Retaliation Claim*

25. Under 29 CFR §1630.12, it is unlawful to discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADAAA. Purina discriminated against Mr. Hobley because he sought a reasonable accommodation under the ADAAA.

26. As a result, Mr. Hobley is entitled to the damages set forth in §12117(a) for lost wages and compensatory damages for emotional pain and suffering, humiliation, and embarrassment. He is also entitled to his attorney's fees.

WHEREFORE, plaintiff Randy Hobley respectfully requests that this Court enter judgment in his favor and for interest, costs, attorney's fees, and such other relief as this Court may deem proper.

Plaintiff requests trial to a jury.

Respectfully submitted this January 17, 2017.

5

        By:   s/    *Robert M. Liechty*
              Robert M. Liechty
              Of counsel to HAMILTON FAATZ, PC
              5105 DTC Parkway, Suite 475
              Greenwood Village, Colorado 80111
              Tel: (303) 830-0500
              Fax: (303) 860-7855
              Email: rmliechty@hamiltonfaatz.com
              ATTORNEY FOR PLAINTIFF

Address of plaintiff:
14750 E. Chenango Pl.
Aurora, CO  80015